Bogan v. State, 191 Wis. 199.

---

BOGAN and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*September 18—October 12, 1926.*

*Witnesses: Defendant in criminal case: Cross-examination as to prior convictions: Criminal law: Harmless error: Reference by counsel to matters outside the record: Instructions: Failure to inform jury they could convict of lower offense.*

1. On the cross-examination of one of two defendants in a prosecution for assault with a dangerous weapon to commit a felony, evidence that defendant had been convicted of several prior offenses was properly admitted to test his credibility. p. 200.
2. The fact that defendants' attorneys, and the prosecuting attorney in reply, both referred to incidents outside of the record, is *held* not prejudicial error. p. 201.
3. Defendants were charged in a second count with assault with intent to rob, and found guilty on this count. The court instructed the jury that defendants were presumed innocent and that their guilt must be established beyond a reasonable doubt, but failed to charge that under sec. 357.10, Stats., if they found no felonious intent, they could find defendants guilty of assault. *Held,* that there was no prejudicial error in view of sec. 274.37, Stats.  pp. 201, 202.

ERROR to review a judgment and sentence of the municipal court of Outagamie county: THEODORE BERG, Judge. *Affirmed.*

The plaintiffs in error, hereinafter referred to as the defendants, were sentenced to the state prison at Waupun, for an indeterminate term of not less than one year nor more

than ten years, on a charge of assaulting one Dukwan with intent to rob him, being then and there armed with a dangerous weapon.

For the plaintiffs in error there was a brief by *Keller & Keller* of Appleton, and oral argument by *L. Hugo Keller.*

For the defendant in error there was a brief by *John A. Lonsdorf,* district attorney of Outagamie county, *Stanley A. Staidl,* assistant district attorney, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general; and the cause was argued orally by *Mr. Lonsdorf* and *Mr. Messerschmidt.*

CROWNHART, J. The information charged the defendants on three separate counts, to wit: (1) robbery while armed with a dangerous weapon, with intent to kill, maim, or do great bodily harm; (2) assault with a dangerous weapon with intent to rob; and (3) assault with a dangerous weapon with intent to do great bodily harm. The case was tried before a jury, resulting in a verdict of not guilty on counts one and three, and guilty on count two.

A careful examination of the evidence satisfies the court that it is sufficient to justify the verdict of the jury. Counsel for the defendants assign as errors: that the court erred in permitting the district attorney to make improper argument prejudicial to the defendants in the presentation of his case to the jury; that the court erred in failing to instruct the jury, pursuant to sec. 357.10, Stats., that if no felonious intent was found, they could find the defendants guilty of assault; and that the court erred in failing to instruct the jury, after they had asked for additional instructions pursuant to sec. 357.10, Stats., that if no felonious intent was found, they could find the defendants guilty of assault.

On the trial of the case the district attorney, on cross-examination of the defendant *Muench,* established the fact that he had been convicted of several prior offenses and sentenced thereon. Upon objection to such questions the

court informed the defendants' attorneys and the jury that the evidence was admitted only for the purpose of testing the credibility of such defendant. The evidence was proper for that purpose. On the argument defendants' attorney made appeal to the jury for sympathy as to the defendant *Muench,* referring to an incident outside the record. In reply, the district attorney recited one of the cases of conviction to show that the defendant was not entitled to much sympathy. Both attorneys got outside the record, but the matter was of little moment and we are satisfied, from an examination of the whole record, that no prejudice resulted.

Sec. 357.10, Stats., provides that in all cases of information in the circuit court for assault with intent to commit any felony, it may be lawful for the jury, in case they do not find the felonious intent charged, to convict of the assault. The court did not so charge the jury, and the defendants claim this to be error. No request to so charge was submitted to the court by either party. After the jury had been deliberating for some time they returned to the court for further instructions. The jury wished information with reference to the first count. The record does not seem to be very clear, but the jury were further instructed that in order to find the defendants guilty on the first count they must first find the assault; second, actual robbery; third, armed with a dangerous weapon; and fourth, the intent to kill or maim, or, in lieu of this intent, actual wounding or striking, if the party assaulted should resist. We are satisfied that the subject under discussion between the jury and the court related wholly to the first count. The jury had the instructions of the court with them in the jury room. Defendants were not convicted on the first count, and for that reason no prejudice resulted to the defendants, even though the court was in error.

We do not see how the defendants were prejudiced by the failure of the court to instruct that they might be found guilty of assault in case the jury found an absence of feloni-

ous intent.    The jury were fully instructed that they should not find the defendants guilty unless the evidence established their guilt beyond reasonable doubt; that the defendants were presumed to be innocent throughout the trial, and that the burden was upon the State to prove their guilt beyond a reasonable doubt.    Under the instructions, which were not excepted to, the defendants were found guilty on the second count.    They could not therefore be found guilty of assault under sec. 357.10.    We have given the case careful consideration, and, while there may have been some minor errors in the trial, it does not appear that any error complained of has affected the substantial rights of the defendants.    Sec. 274.37, Stats.

*By the Court.*—Judgment affirmed.